UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA

Case No. 2:18-CR-00101-JAM &
2:18-CR-00183-JAM

v.

ORDER ON MOTION FOR
SENTENCE REDUCTION UNDER
18 U.S.C. § 3582(c)(1)(A)

DUSTIN ALBINI

(COMPASSIONATE RELEASE)

Upon motion of ☒ the defendant ☐ the Director of the Bureau of Prisons for a

reduction in sentence under 18 U.S.C. § 3582(c)(1)(A), and after considering the applicable

factors provided in 18 U.S.C. § 3553(a) and the applicable policy statements issued by the

Sentencing Commission,

IT IS ORDERED that the motion is:

☐ GRANTED

    ☐ The defendant's previously imposed sentence of imprisonment of      is reduced to

. If this sentence is less than the amount of time the defendant already served, the sentence

is reduced to a time served; or

    ☐ Time served.

If the defendant's sentence is reduced to time served:

        ☐    This order is stayed for up to fourteen days, for the verification of the

defendant's residence and/or establishment of a release plan, to make

appropriate travel arrangements, and to ensure the defendant's safe

release. The defendant shall be released as soon as a residence is verified,

a release plan is established, appropriate travel arrangements are made,

and it is safe for the defendant to travel. There shall be no delay in

ensuring travel arrangements are made. If more than fourteen days are

needed to make appropriate travel arrangements and ensure the

defendant's safe release, the parties shall immediately notify the court and

show cause why the stay should be extended; or

☐ There being a verified residence and an appropriate release plan in place,

this order is stayed for up to fourteen days to make appropriate travel

arrangements and to ensure the defendant's safe release. The defendant

shall be released as soon as appropriate travel arrangements are made and

it is safe for the defendant to travel.  There shall be no delay in ensuring

travel arrangements are made. If more than fourteen days are needed to

make appropriate travel arrangements and ensure the defendant's safe

release, then the parties shall immediately notify the court and show cause

why the stay should be extended.

☐ The defendant must provide the complete address where the defendant will reside

upon release to the probation office in the district where they will be released because it

was not included in the motion for sentence reduction.

☐ Under 18 U.S.C. § 3582(c)(1)(A), the defendant is ordered to serve a "special term"

of ☐ probation or ☐ supervised release of          months (not to exceed the unserved

portion of the original term of imprisonment).

☐ The defendant's previously imposed conditions of supervised release apply to

the "special term" of supervision; or

☐ The conditions of the "special term" of supervision are as follows:

☐ The defendant's previously imposed conditions of supervised release are unchanged.

☐ The defendant's previously imposed conditions of supervised release are modified as follows:

☐ DEFERRED pending supplemental briefing and/or a hearing.  The court DIRECTS the United States Attorney to file a response on or before          , along with all Bureau of Prisons records (medical, institutional, administrative) relevant to this motion.

☒ DENIED after complete review of the motion on the merits.

☒ FACTORS CONSIDERED (Optional)

Defendant has failed to show he has an "extraordinary and compelling" reason justifying compassionate release.  A defendant seeking compassionate release on the basis of a medical condition, must establish that his condition is either a (i) terminal illness, or (ii) a "serious physical or medical condition . . . that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which [he] is not expected to recover."  USSG § 1B1.13.  Defendant has not established his condition falls within either category.  He is 37 years old and although he tested positive for COVID-19 in May, he is not presently suffering from any symptoms that would "substantially diminish [his] ability . . . to provide self-care [at FCI Lompoc]."  Opp'n, ECF No. 42, at 9.  His mother's deteriorating health is also not an extraordinary and compelling reason justifying Defendant's release, as he is not her caregiver.  Id. at 14; see also USSG § 1B1.13.  Moreover, compassionate release would undermine 18 U.S.C. § 3553(a) sentencing factors, as Defendant has only served 25 months of

3

his 66-month sentence (37%).  Reply, ECF No. 53, at 1.  Defendant's motion is therefore DENIED.

☐ DENIED WITHOUT PREJUDICE because the defendant has not exhausted all administrative remedies as required in 18 U.S.C. § 3582(c)(1)(A), nor have 30 days lapsed since receipt of the defendant's request by the warden of the defendant's facility.

IT IS SO ORDERED.

Dated: 9/28/2020

_____
UNITED STATES DISTRICT JUDGE